GANDÍA, PLAINTIFF AND APPELLANT, *v.* TRÍAS ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the First District Court of San Juan in an
Action for Liquidation of Partnership.

No. 3082.—Decided April 30, 1924.

JUDGMENT—ATTACHMENT—EXECUTION. — Notwithstanding the fact that a judg-
ment is final, the prevailing party may be granted an attachment when
before executing the judgment certain transactions were necessary that might
delay its execution.

The facts are stated in the opinion.

*Messrs. José Guzmán Benítez* and *J. B. Soto* for the ap
pellant.

*Messrs. C. Coll Cuchí* and *G. Cruzado Silva* for the ap-
pellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

Judgment having been rendered by this Supreme Court
in appeals Nos. 2118 and 2187 raised in the action brought
by Pedro Gandía against Arturo Trías and Johann D. Stubbe
for the liquidation of a mercantile partnership, the discharge
of the liquidator and for damages, after the mandate had
been received by the trial court Pedro Gandía, the plaintiff,
moved for the security of the effectiveness of the judgment
by the attachment of property of the defendants in the sum
of $40,954.47. It was so ordered by the court and the at-
tachment was levied.

Forthwith the defendants moved for the dissolution of
the said attachment on the grounds that the court was with-
out jurisdiction; that even if the court had jurisdiction a
writ of execution, and not an attachment, should have been
moved for and granted, as the judgment was final, and that
the attachment had been moved for on the basis of a pro-
nouncement that did not exist in the judgment.

The district judge sustained the motion of the defend-
ants, basing its ruling on the following grounds:

"The question of the jurisdiction of this Court raised in the first and second grounds of the motion has been decided by the Supreme Court in this same case in its judgment of May 12, 1923. But the Court is of the opinion that defendants' third ground is meritorious.

"Attachments to secure the effectiveness of judgments must be granted, according to the act cited, only in cases in which this is necessary to secure the effectiveness of the judgment before judgment has been rendered in the case, but never after a judgment has been rendered and becomes final, as in the present case wherein the judgment of the trial court was affirmed by the Supreme Court.

"The amendment, to which the plaintiff refers in his brief, of section 3 of the said Act to secure the effectiveness of judgments (Act. No. 27 of 1916) does not authorize an attachment after final judgment. The purpose of the said Act, in so far as this point is concerned, reasonably construed, is to relieve the party from giving security in case the attachment shall be moved for after judgment in his favor and in order to secure its effectiveness, provided the judgment has not become final, for when the judgment is final it should be executed and not secured. See 4 Cyc. 540:

" 'In the case of an ancillary attachment, the pendency of an action is a prerequisite to the right to the writ, and a writ issued before an action is commenced is void and can give no lien; but the writ may be issued contemporaneously with the commencement of suit *or at any time thereafter before final judgment.' "*

Gandía appealed. His argument against the opinion of the district court is condensed in the following paragraph of his brief:

"It being the intention of the Legislature to give the plaintiff who has obtained judgment in his favor an opportunity to preserve the *status quo* until it is executed, the means of doing this is to secure the effectiveness of the judgment until it can be executed; and it is logical that Act No. 27 of April 13, 1916, should be construed in the reasonable and just sense that even if the judgment is final because no appeal has been taken, its effectiveness can be secured until it may become subject to execution and the writ for its execution may be issued according to law."

As a general rule, perhaps the construction given by the district court may be proper and just, *i. e.,* that when a judg-

ment is final it should be executed and not secured, but it must be admitted that there may be cases where nothwithstanding the fact that the judgment is final, its pronouncements are of such a nature that they can not be executed immediately, certain previous proceedings that require time being necessary, as in the present case.

The judgment that served as a basis for the writ of attachment is as follows:

"The hearings having been had in these two appeals,—that taken by defendant Stubbe and that taken by plaintiff Gandía—, and the briefs and record having been examined, the Court holds, disposing of both appeals by this single judgment, that it should reverse the judgment appealed from rendered by the District Court of San Juan, Section 2, on July 16, 1919, and, upon examination of the pleadings and the evidence, decides the case as follows: (1) There is no ground for discharging the late liquidator of Gandía & Stubbe, defendant Arturo Trías.   (2) It denies the prayer that the defendants be adjudged to pay to the plaintiff the sum of $3,342.60 as cash on deposit in the banks and belonging to the plaintiff at the time of the dissolution of Gandía & Stubbe, but adjudges that defendant Trías shall be bound to render within fifteen days a detailed and proved account of the use made of the said sum in the liquidation while he was liquidator, with the corresponding liabilities.   (3) It denies the prayer that the defendants be adjudged to pay to the plaintiff the sum of $11,308.00 as false credit entries claimed in the complaint, but holds that the entry of August 11, 1916, in the books of Gandía & Stubbe by virtue of which defendant Trías while acting as liquidator entrusted defendant Stubbe with the payment of the said entries and credited him accordingly, together with all acts that defendant Stubbe may have done on the strength of such entry, are null and void.   (4) There is no ground for holding that the defendants be adjudged to pay to the plaintiff the sum of $5,052.20 as dividends of 1915 of the Porto Rico Fertilizer Company, but the entry of July 31, 1916, in the books of Gandía & Stubbe canceling the debit entry made in account No. 2 on July 31, 1915, in the said books, is null and void.   (5) Defendants Stubbe and Trías, jointly and severally, shall pay to plaintiff Gandía the sum of $8,234.06 as the dividends allotted to him in the deed of dissolution of Gandía & Stubbe.   (6) The defendants shall pay the costs.

"When this judgment is received in the District Court of San Juan, Section 2, let execution issue in accordance with the law. Let notice of this judgment be given in the proper manner for the corresponding purposes."

The judgment, as stated at the conclusion of the opinion that served it as a basis, although finally disposing of the case, "leaves various questions still unexplained and undetermined in practice."

We agree with the appellees that the said judgment ordered the payment of only $8,234.06 and the costs, but it must be admitted that it contains other pronouncements which require the liquidation of the partnership on distinct bases, and the liquidation may show that the plaintiff should receive the sum claimed by him or a part of it. Perhaps the fact may be otherwise, but in any event there is something to be determined that can not be established forthwith, but can be secured now for the event that it may become true. The law makes no distinction. It reads thus: "If security of judgment is prayed after the same has been rendered * * *." It does not speak of a final judgment. See *Gandía v. Porto Rico Fertilizer Co.*, 30 P.R.R. 243.

However, as considering the time elapsed perhaps the legal situation of this matter may have been changed, we think that the most proper thing for this court to do is merely to reverse the order appealed from, leaving the case open for consideration anew by the district court upon hearing the parties, and for such decision as the facts of the case may demand in conformity with the principles laid down in this opinion.

*Reversed.*

Mr. Justice Hutchison concurred.

Mr. Justice Wolf concurred in the judgment.

Mr. Justice Aldrey dissented.

Mr. Justice Franco Soto took no part in the decision of this case.